THE PATRICK A. DEE.

THE HENRY AND MARION.

THE NEW YORK CENTRAL NO. 16.

MULQUEEN v. NEW YORK CENT. R. CO.

THE MARGARET M. FEELEY.

CODY v. NEW YORK CENT. R. CO.
Nos. 373, 374.

Circuit Court of Appeals, Second Circuit.
June 8, 1931.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellants.

Bigham, Englar, Jones & Houston and Jacob Aronson, all of New York City (A. J. McElhinney and K. O. Mott-Smith, both of New York City, of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The claimant prevailed in the District Court on the ground that the collision was the result of an inevitable accident. If the failure of the No. 16 to observe and make ready for the approaching storm could be laid aside, we should be able to agree for it is apparent that both tugs were, to avoid a collision, helpless and the situation hopeless as soon as the wind attained its maximum velocity. But the previous neglect of the No. 16 cannot be condoned. Although the evidence is overwhelming from witnesses, including an official weather observer, that the natural and usual indications which precede such a storm were multiplying around him, the captain of the No. 16 saw none of them, heard none of them, placed his tug and tow broadside to the wind, stopped his engines, and lay to in a position quite as vulnerable as he well might have been had he deliberately prepared for disaster. He cannot be excused for such indifference to the storm warnings nature gives an observant navigator. The burden of proving that the collision was due to inevitable accident rested on the claimant, The Edmund Moran (C. C. A.) 180 F. 700, and, in the face of the previous neglect of the master of the No. 16, to which his perilous position must be attributed, the claimant has, we think, failed to carry the burden.

Both decrees reversed.